# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | | |
|---|---|---|
| **DIANA LYNN ADKINS,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:13CV00061 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **CAROLYN W. COLVIN,** | ) | By: James P. Jones |
| **ACTING COMMISSIONER** | ) | United States District Judge |
| **OF SOCIAL SECURITY,** | ) | |
| | ) | |
| Defendant. | ) | |

*Gerald F. Sharp, Lebanon, Virginia, for Plaintiff; Nora Koch, Acting Regional Chief Counsel, Region III, Erica Perkins, Assistant Regional Counsel, and Antonia M. Pfeffer, Special Assistant United States Attorney, Office of the General Counsel, Social Security Administration, Philadelphia, Pennsylvania, for Defendant.*

In this social security case, I will vacate the decision of the Commissioner and remand the case for further consideration.

I

Plaintiff, Diana Lynn Adkins, filed this action challenging the final decision of the Commissioner of Social Security (the "Commissioner") denying her claim for disability insurance benefits ("DIB") under Titles II of the Social Security Act ("Act"), 42 U.S.C.A. §§ 401-434 (West 2011 & Supp. 2013). Jurisdiction of this court exists under 42 U.S.C.A. § 405(g).

Adkins filed an application for DIB on September 4, 2010. After preliminary denials of her claims, she obtained a hearing before an administrative law judge ("ALJ") on April 9, 2012, at which Adkins was represented by counsel and during which she testified along with a vocational expert, James B. Williams. On April 20, 2012, the ALJ issued a written decision finding that Adkins was not disabled within the meaning of the Act. Adkins requested review by the Social Security Administration's Appeals Council. The Appeals Council denied her request for review on June 3, 2013, thereby making the ALJ's decision the final decision of the Commissioner. Adkins then filed this action seeking judicial review of the Commissioner's decision.

The parties have filed cross motions for summary judgment, which have been briefed and were orally argued by the parties on March 26, 2014. The case is ripe for decision.

II

In assessing disability claims, the Commissioner applies a five-step sequential evaluation process. The Commissioner considers whether the claimant: (1) has worked during the alleged period of disability; (2) has a severe impairment; (3) has a condition that meets or equals the severity of a listed impairment; (4) could return to her past relevant work; and (5) if not, whether she could perform

other work present in the national economy. *See* 20 C.F.R. § 404.1520(a)(4) (2013). The fourth and fifth steps of the inquiry require an assessment of the claimant's residual functional capacity, which is then compared with the physical and mental demands of the claimant's past relevant work and of other work present in the national economy.

In accordance with the Act, I must uphold the Commissioner's findings if substantial evidence supports them and the findings were reached through the application of the correct legal standard. *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996).

III

Adkins was 49 years old at the time of the ALJ's decision. She is a high school graduate and last worked in 2010 as a janitor. The ALJ found that she had severe impairments consisting of synovitis (inflammation of the synovial membrane) of the elbows and knees, early osteoarthritis, fibromyalgia, insomnia, obstructive sleep apena, restless leg syndrome, bipolar disorder, dysthymic disorder,[1] and generalized anxiety disorder. (R. at 16.) The ALJ found that none

---

[1] Dysthmia is a mental disorder characterized by a chronically depressed mood that occurs for most of the day more days than not for at least two years. Dysthymic disorder is differentiated from major depressive disorder in that dysthymic disorder is characterized by chronic, less severe depressive symptoms that have been present for

of her impairments met or medically equaled a listed impairment.[2]  Based upon the record presented, the ALJ determined that the plaintiff had the residual functional capacity to perform light work, with appropriate limitations to her impairments.  In accord with the opinions of the vocational expert, the ALJ found that there were jobs in significant numbers in the national economy that she could perform.

Following the ALJ's decision, the plaintiff submitted to the Appeals Council additional medical records that had not been considered by the ALJ.  The Appeals Council rejected certain of these records because they were dated after the date of the ALJ's opinion and according to the Appeals Council, were "about a later time [and] [t]herefore [do] not affect the decision."  (R. at 2.)  Those records were thus returned to the plaintiff, *see* 20 C.F.R. § 404.976(b)(1) (2013), and the plaintiff has submitted only one of them to this court, it being the report of an evaluation of the plaintiff on May 18, 2012, by B. Wayne Lanthorn, Ph.D, a clinical psychologist.

---

many years.  *See* American Psychiatric Ass'n, *Diagnostic and Statistical Manual of Mental Disorders* 348-49 (4th ed. 1994).

[2]   The Listing of Impairments is found in 20 C.F.R. pt. 404, subpt. P, app. 1 (2013), and describes impairments for each of the major body systems that the Social Security Administration considers to be severe enough to prevent an individual from doing any gainful activity, regardless of his or her age, education, or work experience.

Certain of the submitted medical records were considered by the Appeals Council, but the Appeals Council found that they did not provide a basis for changing the ALJ's decision.

The plaintiff's central argument is that the later submitted records "undermines the ALJ's findings on both opinion evidence and credibility and therefore the opinion should be reversed or the case remanded for further proceedings." (Br. Supp. Pl.'s Mot. Summ. J. 9.)

In reviewing a case like the present one in which new evidence was considered by the Appeals Council, and review was denied, I must view the record as a whole, including the new evidence, to determine whether substantial evidence supports the ALJ's decision. *See Wilkins v. Sec'y, Dep't of Health & Human Servs.,* 953 F.2d 93, 96 (4th Cir. 1991) (en banc).[3] My task is thus to determine, among other things, whether the new evidence considered by the Appeals Council "calls into doubt any decision grounded on the prior medical reports." *Ridings*, 76 F. Supp. 2d at 710. If so, the case must be remanded to the Commissioner for

---

[3] "This task is a difficult one, since in essence the court must review the ALJ's decision — deemed the final decision of the Commissioner — in the light of evidence which the ALJ never considered, and thus never evaluated or explained." *Ridings v. Apfel*, 76 F. Supp. 2d 707, 709 (W.D. Va. 1999). As to the evidence that the Appeals Council refused to consider and thus did not make part of the record, I may consider whether a remand under the sixth sentence of 42 U.S.C.A. § 405(g) is appropriate, provided that the new evidence (here the report by Dr. Lanthorn) is new and material, and good cause is shown. *See Duncan v. Astrue*, No. 1:09CV00042, 2010 WL 723710, at *18 (W.D. Va. Feb. 26, 2010). Because I have determined to remand the case under sentence four of § 405(g), I need not reach that issue.

further resolution of all of the evidence. If not, the case can be decided upon the existing record. *Davis v. Barnhart*, 392 F. Supp. 2d 747, 751 (W.D. Va. 2005).

In his decision, the ALJ emphasized that as to two of the medical sources replied upon by Adkins, Drs. Dar and Flanagan, there were no corresponding treatment notes supporting their opinions. (R. at 24.) The ALJ relied upon this fact, among others, in affording "little weight" to these opinions (*Id.*), which were favorable to Adkins. Adkins' present counsel, who did not represent her before the ALJ, later obtained and supplied the treatment notes to the Appeals Council, and they now appear in the record. (R. at 409-467.)

In addition, in rejecting Adkins's claim of disability by virtue of her severe mental impairments, the ALJ relied in part upon his understanding that Adkins "received no further psychological care after January of 2011." (R. at 23.) In fact, as shown by the medical records counsel for Adkins later obtained and presented to the Appeals Council ─ and made part of the present record (R. 428-467) ─ she was treated regularly by Dr. Dar for those problems up to and following the ALJ's decision in 2012.

The Commissioner argues that even though the ALJ did not have the benefit of these records, they would have made no difference in the outcome and thus remand is not necessary. While I respect this argument, I find that there is a sufficient doubt raised by these circumstances as to whether substantial evidence

supports the administrative decision. The case is similar to *Meyer v. Astrue*, 662 F.3d 700 (4th Cir. 2011), where the ALJ emphasized that the record before it lacked a statement of restrictions placed upon the claimant by his treating physician. That missing record was subsequently obtained and supplied to the Appeals Council. Based on these circumstances, the court of appeals ordered a remand under sentence four of § 405(g), stating that "[o]n consideration of the record as a whole, we simply cannot determine whether substantial evidence supports the ALJ's denial of benefits here." *Id.* at 707.

In this case, as in *Meyer*, I believe that a new consideration by an ALJ of all of the evidence is in order.

IV

For the foregoing reasons, the plaintiff's Motion for Summary Judgment is granted, the Commissioner's Motion for Summary Judgment is denied, the Commissioner's decision will be vacated, and the case will be remanded for further proceedings consistent with this Opinion, pursuant to the fourth sentence of 42 U.S.C.A. § 405(g). A separate judgment will be entered herewith.

It is so **ORDERED**.

ENTER: April 9, 2014

/s/ James P. Jones
United States District Judge